UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SONATE CORPORATION,

    Plaintiff,

v.                                      Case No.: 6:22-cv-812-WWB-EJK

DUNKIN' BRANDS GROUP, INC.,
DUNKIN' BRANDS, INC. and BEYOND
MEAT, INC.,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants Dunkin' Brands Group, Inc. and Dunkin' Brands, Inc.'s (collectively, "**Dunkin**") Motion to Transfer Venue (Doc. 36) and Defendant Beyond Meat, Inc.'s ("**Beyond**") Motion to Transfer Venue (Doc. 55). United States Magistrate Judge Embry J. Kidd issued a Report and Recommendation ("**R&R**," Doc. 66), recommending that the Motions be granted. Plaintiff filed an Objection (Doc. 73), to which Defendants filed Responses (Doc. Nos. 76, 77).

**I.    BACKGROUND**

No party has objected to the relevant background as fully set forth in the R&R and therefore, it is hereby adopted and made a part of this Order. (Doc. 66 at 1–2).

**II.    LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court

must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

### III. DISCUSSION

#### A. Threshold Test

First, Plaintiff objects to Magistrate Judge Kidd's determination that this case originally could have been brought in the United States District Court for the District of Massachusetts. When determining whether to transfer venue under 28 U.S.C. § 1404, the threshold consideration is whether the action might have been brought in the transferee court. *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985). "An action might have been brought in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Id.* (quotation omitted). According to Plaintiff, the R&R erred by relying on Beyond's post hoc consent to jurisdiction and Defendants have failed to establish that Massachusetts otherwise has

personal jurisdiction over Beyond. Plaintiff's objection relates to the third prong: whether Defendants are amenable to process issuing out of the District of Massachusetts.[1]

The Court disagrees with Plaintiff's representation that Magistrate Judge Kidd determined Beyond was amenable to process from Massachusetts based on its consent.[2] Instead, the R&R generally referenced Defendants' Motions (Doc. Nos. 36, 55) to support its finding that Defendants are amenable to process issuing out of Massachusetts, albeit without further elaboration.[3] "The starting point for an analysis of amenability to service of process in federal court is Federal Rule of Civil Procedure 4." *Brink's Mat Ltd. v. Diamond*, 906 F.2d 1519, 1521 (11th Cir. 1990) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104–05 (1987)). Under Rule 4, unless federal law provides otherwise,

---

[1] Magistrate Judge Kidd found that, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the District of Massachusetts because Defendants' marketing efforts—a substantial part of the infringing conduct—were discussed, planned, and carried out in Massachusetts. (Doc. 66 at 4–5). Plaintiff does not object to this finding as it relates to venue. Thus, any analysis under 28 U.S.C. § 1391(b)(3) as to whether Massachusetts had personal jurisdiction over Defendants is irrelevant. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in— . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; *or* (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." (emphasis added)); *see also Buchannon v. Associated Credit Servs., Inc.*, No. 4:20-cv-402, 2020 WL 12602512, at *2 (N.D. Fla. Oct. 29, 2020) ("[V]enue is distinct from jurisdiction [and] may be proper or improper, independent of . . . personal jurisdiction." (quoting *Driscoll v. New Orleans Steamboat Co.*, 633 F.2d 1158, 1159 n.1 (5th Cir. 1981)).

[2] To the extent Plaintiff argues that pursuant to *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960), Beyond's waiver or consent to jurisdiction is insufficient to satisfy the threshold requirement of 28 U.S.C. § 1404(a), this Court need not rely on such waiver, as the Massachusetts long-arm statute is satisfied for the reasons set forth herein.

[3] Plaintiff does not meaningfully dispute—and this Court is satisfied—that Dunkin is amenable to service of process from Massachusetts, as Massachusetts is their principal place of business. (Doc. 17, ¶¶ 13–14). Beyond, on the other hand, is a Delaware corporation with its principal place of business in California. (*Id.* ¶ 16).

a party may serve a corporation in a judicial district of the United States in the manner of service provided under the law of the state in which the district court is located or where service is made, or by delivering a copy of the summons and complaint to an officer or agent authorized to receive service of process. Fed. R. Civ. P. 4(e), (h). Here, the applicable federal statute, the Lanham Act, does not authorize nationwide service of process. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). Thus, to determine whether Beyond is amenable to process from Massachusetts, the Court must look to Massachusetts's long-arm statute.[4] *See Omni Cap. Int'l*, 484 U.S. at 105; *see also Carter v. Ford Motor Co.*, No. 19-62646-CIV, 2021 WL 1165248, at *14 (S.D. Fla. Mar. 26, 2021) ("[U]nder Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service[.]" (quotation omitted)); *Mass. Inst. of Tech. v. Micron Tech., Inc.*, 508 F. Supp. 2d 112, 119 (D. Mass. 2007) (explaining that the district court evaluates the forum state's long-arm statute to determine whether a defendant is amenable to process from the forum state).

---

[4] Plaintiff argues extensively that transfer must be denied because Beyond discussed only Massachusetts's long-arm statute as it relates to the amenability of service prong but not federal due process. Plaintiff has failed to cite any binding authority requiring Defendants to make a specific showing of personal jurisdiction under constitutional due process as part of the amenability of service prong. *Cf. Windmere Corp.*, 617 F. Supp. at 10 (requiring a showing of subject matter jurisdiction, venue, and *amenability of service* in transferee court); *see also Atl. Lines, Ltd. v. M/V Domburgh*, 473 F. Supp. 700, 702 (S.D. Fla. 1979) ("Valid service of process does not necessarily confer in personam jurisdiction over a defendant in federal court." (citing *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 444 (5th Cir. 1979)). Thus, the Court limits its discussion of amenability of service of process to the Massachusetts long-arm statute.

The Massachusetts long-arm statute provides in relevant part that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . transacting any business in this commonwealth[.]"[5] Mass. Gen. Laws ch. 223A, § 3(a). Under this provision, "the facts must satisfy two requirements—the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 n.3 (1st Cir. 2016) (quoting *Tatro v. Manor Care, Inc.*, 625 N.E.2d 549, 551 (Mass. 1994)). "This standard is not especially rigorous: 'an isolated and transitory contact with the forum . . . is all the statute requires.'" *Id.* (quoting *Nova Biomed. Corp. v. Moller*, 629 F.2d 190, 195 (1st Cir. 1980)). "[A] nonresident transacts business in Massachusetts as long as he has engaged in any purposeful acts . . . whether personal, private, or commercial." *Connell Ltd. P'ship v. Associated Indem. Corp.*, No. 1:22-cv-10639, 2023 WL 122136, at *8 (D. Mass. Jan. 6, 2023) (quotation omitted). "A defendant's physical presence . . . is not necessary to transact business in Massachusetts, rather it is the defendant's attempt to participate in the Commonwealth's economic life that counts." *EIQnetworks, Inc. v. BHI Advanced Internet Sols., Inc.*, 726 F. Supp. 2d 26, 31 (D. Mass. 2010) (quotation omitted). "[G]enerally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement." *Power v. Connectweb Techs., Inc.*, No. 22-10030, 2023 WL 36153, at *5 (D. Mass. Jan. 4, 2023) (quoting *Tatro*, 625 N.E.2d at 551–52). "In deciding

---

[5] Because the Court finds that § 3(a) of the Massachusetts long-arm statute is satisfied, it need not address the other provisions Beyond references. *See Edwards v. Radventures, Inc.*, 164 F. Supp. 2d 190, 196 (D. Mass. 2001).

5

whether a claim aris[es] from a defendant's transacting business, [the court determines] whether the transacted business was a but for cause of the harm alleged in the claim." *Cossart v. United Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015) (quotation omitted).

Here, Beyond offered evidence—which Plaintiff does not dispute—that "[b]etween January 2019 and April 2022, [Beyond] generated over $25,000,000 in gross revenue from the sales of products delivered to customers located in Massachusetts," which included Dunkin, and that Beyond sold Dunkin the Beyond Sausage Sandwich. (Doc. 57, ¶ 3; Doc. 58, ¶ 3).[6] Further, as alleged in the Amended Complaint, "each of Dunkin's U.S. locations . . . offered Beyond's meat substitute products at issue in this case." (Doc. 17, ¶ 24). Dunkin has approximately 1,100 locations in Massachusetts, the majority of which used the phrase "GREAT TASTE, PLANT-BASED." (Doc. 56, ¶ 21). Beyond also offered evidence that several of its representatives met with Dunkin in Massachusetts in preparation for the launch of the Beyond Sausage Sandwich and that Dunkin consulted Beyond from Massachusetts regarding the promotion and marketing of the sandwich before making final decisions. (Doc. 58, ¶¶ 4–5). Contrary to Plaintiff's assertions that these contacts were simply a result of Dunkin's location, the facts demonstrate not only that Beyond "attempted to participate in [Massachusetts's] economic life" sufficient to meet the "transacting any business" requirement of the state's long-arm statute, but also that the transacted business was a but for cause of Plaintiff's alleged harm. *See Cossart*, 804 F.3d at 18–19. Plaintiff alleges that "Beyond . . . presented 'Plant Based Great Taste' to Dunkin' for use," Defendants "jointly decided to reverse the order of the slogan to "Great

---

[6] "On a motion to transfer venue, the Court is permitted to consider materials outside the pleadings." *Bachstein v. Discord, Inc.*, 424 F. Supp. 3d 1154, 1157 (M.D. Fla. 2019).

6

Taste Plant-Based," and it was harmed by "Dunkin and Beyond's use of the GREAT TASTE PLANT-BASED Mark . . . , which they partnered to create and which was distributed in commerce in the marketplace by them individually and together[.]" (Doc. 17, ¶¶ 79, 83). Thus, Plaintiff's claims set forth in the Amended Complaint arise from Defendants' activities in Massachusetts related to the marketing and sale of the Beyond Sausage Sandwich. *See Gary Scott Int'l, Inc. v. Baroudi*, 981 F. Supp. 714, 716 (D. Mass. 1997) (holding the "arising from" requirement was satisfied where the plaintiff alleged it was damaged by the defendant's national marketing and sale of a product that the defendant marketed and sold in Massachusetts). Therefore, pursuant to Massachusetts's long arm statute, Beyond is amenable to service of process from the District of Massachusetts, and Plaintiff's first objection will be overruled.

    **B.**    **Private and Public Interest Factors**

        *1.*    *Convenience of the Witnesses*

Plaintiff objects that the R&R failed to consider that Plaintiff's non-party witnesses cannot be compelled to testify live at trial in Massachusetts. When considering this factor, "it is not so much the convenience of the witnesses but the possibility of having their testimony at the trial that is important." *Dale v. United States*, 846 F. Supp. 2d 1256, 1257–58 (M.D. Fla. 2012) (quotation omitted). Plaintiff named nine non-party witnesses located in and around Orlando, who are current or former employees of Dunkin franchises or Plaintiff's retailer, El Meson. (Doc. 48-1, ¶¶ 2–3). Plaintiff indicates that these witnesses will be offered "to support the likelihood of confusion factors that undergird [its] trademark claim," as both Plaintiff's and Defendants' products are sold in this District. (Doc. 73 at 9–10). In its briefing, Plaintiff fails to describe in any level of detail the substance of the

anticipated consumer confusion testimony. While this Court recognizes the general importance of consumer confusion evidence in a trademark infringement claim, Plaintiff's representations are purely speculation and conjecture. (*See, e.g.*, Doc. 62 at 16). Thus, it is unclear at this stage of the proceedings how significant or probative the testimony of these witnesses may be. Courts have disregarded this type of speculative representation of consumer confusion testimony when considering the convenience of the witnesses. *See Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010). The Court also notes that Plaintiff did not assert that any particular witness would be unwilling to appear at trial in Massachusetts, necessitating the Court's power to compel testimony. Therefore, Plaintiff's objection as to the convenience of the witnesses will be overruled.

2. Plaintiff's Choice of Forum

Next, Plaintiff objects that Magistrate Judge Kidd erred by failing to give any weight to its chosen forum despite its connection to this case. "Generally, a 'plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'" *Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). "But where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Id.* (citations omitted).

Here, it is undisputed that the Middle District of Florida is not Plaintiff's home forum and, therefore, is not entitled to a favorable presumption, as the R&R concluded. The Court is not persuaded by Plaintiff's argument that a meaningful connection to this forum,

warranting a favorable presumption outweighing other considerations, exists. *Cf. Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T, 2015 WL 2025590, at *7 (M.D. Fla. Apr. 30, 2015). Thus, Plaintiff's objection regarding its choice of forum will be overruled.

### 3. Convenience of the Parties

Plaintiff further objects to Magistrate Judge Kidd's determination that the Boston Division of the District of Massachusetts is more convenient than the Orlando Division of the Middle District of Florida. As a preliminary matter, the Court is mindful that "the convenience of the parties. . . is practically irrelevant to whether the motion to transfer should be granted." *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1281 (S.D. Fla. 2020) (quotation omitted). It is undisputed that it would be more convenient for Dunkin to conduct this litigation in Boston, as their principal place of business is in Massachusetts. Although Orlando is closer to Beyond's home in California, it contends litigating this case in Boston would be more convenient logistically due to its co-Defendants' ties. Meanwhile, Plaintiff represents that despite Boston being closer to its home in Pennsylvania, litigating this case in Boston is in no way *more* convenient than Orlando, as air travel time differs only by an hour. The law is clear that "[w]here a transfer merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain." *Mason v. Smithkline Beecham Clinical Lab'ys*, 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001) (quotation omitted); *see also Fruitstone*, 464 F. Supp. 3d at 1281 (finding the convenience of the parties to be neutral where a transfer would shift inconvenience between parties). Here, however, no parties are from Florida, so transferring this case to Boston creates, rather

9

than shifts, convenience for at least some of the parties. Accordingly, Plaintiff's objection on the convenience of the parties will be overruled.

### 4. Forum's Familiarity with Governing Law

Finally, Plaintiff objects that the R&R failed to weigh this Court's familiarity with governing laws. Plaintiff asserts that "[i]n assessing the R&R, [Plaintiff] learned that federal trademark law is less developed in the First Circuit than in the Eleventh Circuit on the relevant issue of royalty remedies, increasing uncertainty, inefficiencies, and prejudicing [Plaintiff] by a transfer." (Doc. 73 at 13). However, this argument was raised for the first time in Plaintiff's Amended Objection and therefore was not considered by Magistrate Judge Kidd. "[D]istrict courts have wide latitude when deciding whether to consider arguments first raised in a movant's objections." *Rios v. United States*, No. 17-23715-CIV, 2018 WL 7252900, at *1 (S.D. Fla. Jan. 10, 2018) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)); *see also Winslett v. Nutribullet, L.L.C.*, No. 19-14089-CIV, 2020 WL 3316022, at *1 (S.D. Fla. Mar. 30, 2020) (collecting cases). Thus, the Court declines to consider Plaintiff's newly raised argument, and its objection regarding the forum's familiarity with governing law will be overruled.

## IV. CONCLUSION

In sum, this Court agrees with Magistrate Judge Kidd's determination that, when considering all applicable factors, transfer is warranted under 28 U.S.C. § 1404.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 73) is **OVERRULED**.
2. The Report and Recommendation (Doc. 66) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Defendants Dunkin' Brands Group, Inc. and Dunkin Brands Inc.'s Motion to Transfer Venue (Doc. 36) and Defendant Beyond Meat, Inc.'s Motion to Transfer Venue (Doc. 55) are **GRANTED**.

4. The Clerk is directed to transfer this case to the District of Massachusetts, Boston Division, for all further proceedings.

5. Thereafter, the Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on March 24, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record